# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

BRIAN DOUGLAS PITTMAN                                                                    PLAINTIFF

V.                                            4:09CV00195 SWW/JTR

CHARLES SMITH; Director,
Arkansas State Hospital; and
DR. BRASHEARS, Hot Springs
County Memorial Hospital                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

>    2.   Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.
>
>    3.   An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is involuntarily confined in the Arkansas State Hospital ("ASH"), has filed a *pro se* § 1983 Complaint, an Amended Complaint, and a Second Amended Complaint alleging that Defendants have violated his constitutional rights. *See* docket entries #2, #5, and #6. Pursuant to 28 U.S.C. § 1915(e)(2), the Court recommends that: (1) Plaintiff's challenge to his involuntary commitment be dismissed, without prejudice; and (2) Plaintiff's inadequate medical care claim be dismissed, with prejudice, because it is frivolous.[1]

## II. Discussion

**A.   Involuntary Commitment**

In his Complaints, Plaintiff asserts that in 2008 he was involuntarily committed to the ASH

---

[1] Plaintiff has been granted permission to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915(a)(1). Section 1915(e) provides that, when a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . .is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted."

in connection with a state felony charge that he threatened a judicial officer in Hot Spring County, Arkansas.[2]  *See* docket entries #2, #5, and #6.  Plaintiff alleges that his involuntary commitment amounts to "kidnaping."  Thus, he contends he should be immediately released from the ASH.  *Id.*

It is well settled that a § 1983 action is not the proper procedural vehicle for a patient to use in seeking release from an involuntary commitment to a mental institution.  Rather, such relief must be pursued through a federal habeas action.  *See Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973); *Shelton v. Reddy*, Case No. 00-1066, 2000 WL 949188 (8th Cir. July 11, 2000) (unpublished opinion); *Thornblad v. Olson*, 952 F.2d 1037 (8th Cir. 1992).  Furthermore, *before* such a federal habeas action may be properly filed, the petitioner must fully exhaust all of his available state remedies.  *See* 28 U.S.C. § 2254(b)(1); *Echols v. Kemna*, 511 F.3d 783, 785 (8th Cir. 2007).  Thus, Plaintiff's § 1983 challenge to his involuntary commitment in the ASH should be dismissed, without prejudice.

**B.     Inadequate Medical Care Claim**

Plaintiff also alleges that, in March or April of 1998, Defendant Dr. Brashears provided him with inadequate medical care when he surgically placed wires in Plaintiff's rectum, without his consent.  *See* docket entries #2, #5, and #6.  Plaintiff further contends that Defendant ASH Director Charles Smith was aware of the unauthorized medical procedure, but failed to take corrective action. *Id.*  In support of these allegations, Plaintiff has submitted three *unsworn* statements from individuals (presumably fellow ASH patients) who claim that the wires in Plaintiff's body enable him to cause waves to appear on nearby television sets and computer monitors when he holds his throat and exhales.  *See* docket entry #5, attachments.  The Court concludes that these allegations, on their face,

---

[2] It is unclear whether Plaintiff has been civilly or criminally committed, and whether the felony charge is outstanding.

are frivolous.

Furthermore, the limitations period for commencing a § 1983 action arising in Arkansas is three years. *Miller v. Norris,* 247 F.3d 736, 739 (8th Cir. 2001); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (same). In his Complaints, Plaintiff alleges that the illegal operation occurred in 1998, approximately eleven years ago. Accordingly, his inadequate medical care claim is barred by the statute of limitations. *See Denoyer v. Dobberpuhl*, Case No. 99-3941, 2000 WL 199764 (8th Cir. Feb. 18, 2000) (unpublished opinion) (explaining that, although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint as frivolous when it is apparent from the face of the complaint that the statute of limitations has run); *Myers v. Vogal*, 960 F.2d 750, 751 (8thCir. 1992) (same).

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to 28 U.S.C. § 1915(e)(2): (a) Plaintiff's § 1983 challenge to his involuntary commitment be DISMISSED, WITHOUT PREJUDICE; and (b) Plaintiff's inadequate medical care claim be DISMISSED, WITH PREJUDICE.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 22nd day of April, 2009.

                                       /s/ J. Thomas Ray
                                       UNITED STATES MAGISTRATE JUDGE